FILED
SUPERIOR COURT
OF GUAM

2025 FEB 21 AM 9:55

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| IN THE MATTER OF THE ESTATE | PROBATE CASE NO. PR0234-22 |
|---|---|
| OF | **DECISION AND ORDER**<br>*Re: Richard Moylan's Motion to Amend* |
| FRANCIS L. MOYLAN and YUK LAN MOYLAN,<br><br>Deceased. | |

This matter came before the Honorable Arthur R. Barcinas on November 21, 2024, for a hearing on Plaintiff Richard Moylan's ("Plaintiff") GRCP Rule 15 Motion to Amend ("Motion"), filed on January 16, 2024. Present at the hearing were Petitioner Lina Leialoha Moylan Alston ("Petitioner"), with her counsel Attorney Jacqueline T. Terlaje; and Richard Moylan, with his counsel Attorney William B. Pole. Having taken the parties' arguments under advisement, the Court **DENIES** Plaintiff's Motion to Amend.

## BACKGROUND

This matter arises from a probate case regarding the estate of Francis L. Moylan and Yuk Lan Moylan (collectively, "Decedents"). On December 21, 2022, Petitioner filed a Verified Petition for Probate of Will with Will Annexed and Issuance of Letters Testamentary for the Estate of Yuk Lan Moylan, as well as an Order for Granting Special Letters of Administration for the Estate of Francis. On December 23, 2022, Plaintiff filed his objection to Petitioner's filings.

Each Decedent allegedly left a will, but for the Estate of Decedent Francis, Petitioner submitted a Holographic Will allegedly written by him before his death and naming his wife as his sole beneficiary. The Holographic Will was admitted to probate on July 24, 2023 without objection.

On February 1, 2023, Plaintiff formally contested both wills but did not initially raise objections to the Holographic Will. On July 20, 2023, a hearing was held where neither Plaintiff nor his counsel objected to the Holographic Will. On July 24, 2023, there having been no objection, the Court issued an Order admitting the Holographic Will into probate. However, on August 23, 2023, Plaintiff filed an objection to the Order, claiming that he did not intend to waive his right to contest the Holographic Will.

On January 16, 2024, Plaintiff filed this Motion pursuant to Guam Rules of Civil Procedure ("GRCP") 15(a), seeking to amend his pleadings to assert that he had "always meant to contest the Holographic Will" of Decedent Francis L. Moylan. Mot., at 2. On February 14, 2024, Petitioner filed her opposition, asserting that Plaintiff had not previously objected to the admission of the Holographic Will and that, in not previously objecting, Plaintiff's counsel had made binding judicial admissions that Plaintiff had no objections. Petitioner further asserted that allowing Plaintiff to amend at this stage would only prejudice the administration of the Estates and delay the proceedings. On February 26, 2024, Plaintiff filed his reply, asserting that Petitioner already had notice of Plaintiff's intention to object to the authenticity of the Holographic Will since at least the deposition stage, and thus there would be harm or surprise that would prejudice the Estate at this stage of the proceedings. Plaintiff further asserted that GRCP 15(a) gives him liberal right to amend his pleadings, as the amendment is timely and Plaintiff has not previously amended.

At the hearing, Petitioner's counsel argued that, the Holographic Will having already been admitted to probate, Plaintiff was required to submit a petition to contest it pursuant to 15 GCA § 1611.

The Court took the matter under advisement on November 21, 2024.

## DISCUSSION

Under Guam law, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." GRCP 15. If the motion to amend is filed after the proscribed time, a party "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.*

However, "[w]hen a will has been admitted to probate, any interested person, other than a party to a contest before probate and other than a person who had actual notice of such previous contest in time to have joined therein, may, within one hundred eighty (180) calendar days after the Superior Court of Guam admits such will to probate ... contest the same or the validity of such will." 15 GCA § 1611. If a party seeks to contest the will or its validity, they "must file in the Superior Court of Guam a petition in writing, containing [the party's] allegations against the validity of such will or against the sufficiency of the proof, and praying that the probate be revoked." *Id.*

The Guam Supreme Court has held that courts "grant leave to amend liberally and deny a request to amend only when an apparent reason for denying the amendment exists." *M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 42. The general standard cited by the Supreme Court is that:

> If the underlying facts or circumstances relied upon by a
> plaintiff may be a proper subject of relief, he ought to be

> afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* Upon review of the record, on July 24, 2023, the Court issued its Order holding that Plaintiff did not object to the admission of the Holographic Will to probate. The Court found that the Holographic Will met the requirements for admission pursuant to 15 GCA § 207, after Plaintiff's counsel expressly stated that Plaintiff had no objections to the Holographic Will being admitted.

Plaintiff now asserts that, due to hearing issues, he was not aware that his counsel declined to object to the admittance of the Holographic Will. Pl.'s Obj. and Clarification Mot., at 3 (Aug. 23, 2023). However, because the Holographic Will has been admitted to probate, it is subject to the procedural strictures of probate.

Per 15 GCA § 1611, "[w]hen a will has been admitted to probate, any interested person, other than a party to a contest before probate and other than a person who had actual notice of such previous contest in time to have joined therein" may contest that will.

On February 3, 2023, five months before the Holographic Will was admitted to probate, Plaintiff filed an Objection and Will Contest, arguing that Petitioner had failed "to provide court and heirs with complete copies of both purported Wills" and that both wills should both be voided. Obj. and Will Contest, 1-2 (Feb. 1, 2023). The Court took that will contest into consideration before admitting the Holographic Will into probate, as well as the express statement by Plaintiff's counsel that Plaintiff did not object to the admittance. The record thus indicates that Plaintiff both was "a party to a contest before probate" and "had actual notice of such previous contest." Pursuant to 15 GCA § 1611, Plaintiff is therefore precluded from contesting the Holographic Will.

The Code further provides that "[i]f no person contests the validity of a will or of the probate thereof within the time specified in Section 1611 of this Title, the probate of such will is conclusive; saving to infants and persons of unsound mind who were not made parties to the contest after probate...." As a party to a contest before probate, Plaintiff was legally ineligible to contest the validity within the time specified in § 1611. Further, no other person has contested the validity of the will or the probate thereof in that time period. Therefore, the Holographic Will is found to be both conclusive and uncontestable. To the extent that any exception might apply, Plaintiff is clearly not an infant and has not alleged that he is of unsound mind and is thus not eligible for any such exception.

The Supreme Court has held that the Court should "grant leave to amend liberally and deny a request to amend only when an apparent reason for denying the amendment exists." *M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 42. Such apparent reasons include, *inter alia*, "futility of amendment." *Id.* In this case, the contestation of admitted wills is barred by statute, and the Holographic Will is deemed to be conclusive under statute. Therefore, any pleading amendments that Plaintiff would make to protest the Holographic Will would ultimately be futile, as there would be no means to grant relief.

Accordingly, the Court **DENIES** Plaintiff's Motion to Amend.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's GRCP Rule 15 Motion.

**IT IS SO ORDERED** _____ FEB 2 1 2025 _____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
JACQUELINE TERLAJE
WILLIAM B. POLE, P.C.
FEB 2 1 2025
Date: _____ Time: 10:01AM
John M. Huy
Deputy Clerk, Superior Court of Guam

Page 5 of 5